UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BLAIR, ) | Civil No. 06-CV-1288-L(POR) |
| ) | |
| Petitioner, ) | **ORDER ADOPTING REPORT AND** |
| ) | **RECOMMENDATION [doc. #16];** |
| v. ) | **OVERRULING OBJECTIONS [doc. #** |
| ) | **and DENYING PETITION FOR** |
| STEVEN ORNOSKI, ) | **WRIT OF HABEAS CORPUS** |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

Petitioner, appearing *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner challenges the Board of Parole Hearings' ("Board") September 13, 2005 decision denying petitioner parole. Respondent filed his response to the petition and petitioner filed a traverse. On April 27, 2007, the magistrate judge filed a Report and Recommendation ("Report") which recommended that the petition be denied. Petitioner filed an objection to the Report to which respondent filed a reply.

**Standard of Review**

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." *Id*. Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 124 S.Ct. 238 (2003); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia*'s holding to a habeas corpus proceeding).

**Background**

Petitioner was convicted of second degree murder in the Superior Court for the State of California, County of San Diego in 1983. The court also found petitioner had used a firearm in the commission of the offense. Petitioner was sentenced to prison for 15 years to life for murder plus two years for the use of a firearm. Petitioner has served his minimum sentence of 17 years. At his September 13, 2005 parole hearing, the Board denied petitioner parole finding that he currently posed a risk to public safety. (Transcript of Proceedings at 56, Ex. D to Petition; Respondents' Lodgment 7).

Petitioner filed the present petition alleging that his federal due process rights were violated when the Board: relied solely on petitioner's commitment offense and prior non criminal prison conduct to deny him parole; failed to actually consider all the relevant reliable information; and based its decision on "some evidence" rather than "substantive evidence." (Petition at 9a).

There is no dispute that petitioner has exhausted his claims in the state court or that his petition is timely.

In her Report, the magistrate judge found that petitioner had received the process due under the United States Constitution in the context of a decision by the Board to deny petitioner parole.

Petitioner objects to the Report contending that the magistrate judge erroneously relied upon a Ninth Circuit case that is subject to Supreme Court review[1]; that by having served his

---

[1] At the time of the Report, the *Irons v. Carey* case, 479 F.3d 658, had recently been issued. The Ninth Circuit issued an amended and superseding decision in the *Irons* case that held that the parole board's decision was supported by some evidence, and therefore, did not

minimum sentence, further incarceration is in violation of his due process rights; that the Board failed to comply with state regulations concerning the use of a matrix; and that the use of the "some evidence" test rather than the "preponderance of the evidence" test should be applied.

## Discussion

### 1. Legal Standards

This Court may grant habeas relief only if the California Court of Appeal[2] acted contrary to or unreasonably applied clearly established Supreme Court precedent, or made an unreasonable determination of facts. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-73 (2003). A "state court decision is contrary to . . . clearly established [Supreme Court] precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [its] precedent." *Id.* at 73 (internal quotation marks omitted).

A due process claim is analyzed in two steps. First, the court must determine whether there is a liberty or property interest which has been interfered with by the State. Second, the court must consider whether the procedures provided are constitutionally sufficient. *Sass v. California Board of Prison Terms*, 462 F.3d 1123, 1128 (9th Cir. 2006).

### 2. Parole Determinations

Under California law, prisoners serving an indeterminate life sentence, like petitioner, become eligible for a parole date after serving minimum terms of confinement required by statute. CAL. PENAL CODE § 3041(a). California law provides that, at that point, the Board "shall set a release date unless it determines that the gravity of the current convicted offense or

---

violate the prisoner's due process rights. *Irons v. Carey*, 505 F.3d 846. Thereafter, the Ninth Circuit denied rehearing and rehearing *en banc*. *Irons v. Carey,* 506 F.3d 951 (9th Cir. Nov 6, 2007). Accordingly, *Irons* is legally binding on this Court and petitioner's argument concerning the use of the *Irons* case is overruled.

[2] Petitioner brought his petition for writ of habeas corpus to the California Supreme Court which was denied without comment. Thus, in reviewing petitioner's claims of violation of his due process and liberty interests, this Courts looks to the reasoned opinion of the California Court of Appeals. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 805 (1991).

offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for" the prisoner. CAL.PENAL CODE § 3041(b).

It is settled law that California prisoners whose sentences provide for the possibility of parole have a "constitutionally protected liberty interest in the receipt of a parole release date," and a parole board's decision to deny parole deprives a prisoner of due process if it is not supported by "some evidence." *Irons v. Carey*, 505 F.3d 846, 850-51 (9th Cir. 2007) (citing *Sass v. Calif. Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006)); *see also Superintendent v. Hill*, 472 U.S. 445, 457(1985).

The general standard for a parole unsuitability decision is that "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the [Board or the Governor] the prisoner will pose an unreasonable risk of danger to society if released from prison." CAL. CODE REGS., tit. 15, § 2402, subd. (a).

> [C]ircumstances tending to establish unsuitability for parole are that the prisoner (1) committed the offense in an especially heinous, atrocious, or cruel manner; (2) possesses a previous record of violence; (3) has an unstable social history; (4) previously has sexually assaulted another individual in a sadistic manner; (5) has a lengthy history of severe mental problems related to the offense; and (6) has engaged in serious misconduct while in prison.

CAL. CODE REGS., tit. 15, § 2402, subd. (c).

An offense is considered "especially heinous, atrocious, or cruel" if it "was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering" or "[t]he motive for the crime is inexplicable or very trivial in relation to the offense." *Id.*

Petitioner contends that the "some evidence" standard should not apply to a denial of parole case such as his but instead, a preponderance of the evidence standard should be applicable. Petitioner further contends that even if the "some evidence" standard does apply, the Board's reliance on the unchanging facts of his commitment offense deprived him of his Fourteenth Amendment right to due process because there was no connection between the Board's findings and his current suitability for parole. *See Hayward v. Marshall*, 512 F.3d 536,

545-48 (9th Cir. 2008)

### a. Some Evidence Standard

As the Ninth Circuit noted in *Irons*, the "some evidence" standard is "clearly established" for cases in which the court reviews a parole board's decision to deny parole; therefore, petitioner's contention that an alternative standard should apply is without merit and is foreclosed. *Irons*, 505 F.3d at 851; *see also Hill*, 472 U.S. at 457; *Sass*, 461 F.3d at 1128-29; *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003).

### . b. Factors Considered in Denying Parole

With respect to petitioner's due process claim based upon the factors the Board considered, the Board relied on more than just the unchanging facts of petitioner's commitment offense in denying him parole. In its ruling, the Board indicated that the

> offense was carried out in an especially cruel and callous manner. The offense was carried out in a manner which demonstrates an exceptional callous disregard for human suffering. The motive at the time was inexplicable or very trivial in relationship to the offense. . . . There was no indication that at any point in time that the victim was a threat to the inmate. . . . The other reason for the denial is that the inmate has a record of violence (indiscernible) behavior. He has admitted, not only in this hearing but in past hearings that he was involved in a knife incident where another person was stabbed. There's an escalating pattern of criminal conduct and violence. There a history of unstable and tumultuous relationships with others. The other previous grants of probation failed to profit from society's attempt to correct his criminality, including probation and county jail. While incarcerated, the inmate failed to demonstrate evidence of positive change. His conduct while incarcerated included serious – five serious (indiscernible) disciplinary enforcements, which I went over. Inmate lacks realistic parole plans. He does not have viable residential plans in the county of last residence nor does he have acceptable employment plans.

(Ex. D to Petition, Transcript of Proceedings at 56-58). The Board also noted that the San Diego County District Attorney's Office was in opposition to petitioner's release:

> The prisoner needs therapy, self-help and programming in order to face, discuss, understand, and cope with stress in a non-destructive manner as well as to get appropriate insight into the crime. Though progress is made, the prisoner continues to be unpredictable and a threat to others.

*Id.* at 58.

Although petitioner clearly disagrees with the outcome of the Board's decision, the Board considered several relevant factors in addition to the facts of petitioner's commitment offense in

determining that petitioner was unsuitable for parole. Therefore, the Board's decision to deny petitioner parole is supported by "some evidence" and does not violate petitioner's right to due process. *See Irons*, 505 F.3d at 851-54.

### c.     Matrix

Petitioner's assertion that the Board erred by not applying a proportionality matrix to determine his sentence fails because claims that the Board failed to follow state law are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

### d.     Service of Petitioner's Minimum Term

Petitioner contends that because he has served more than the minimum 17-year sentence imposed, particularly when adding in his good time credits, his due process rights have been violated by the Board's denial of probation. But the applicable regulations do not distinguish between those who have or have not served their minimum time: "*Regardless of the length of time served*, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." (citing CAL.CODE REGS., tit. 15, § 2402(a)) (emphasis added). Federal law does not require that the grant of parole is mandated when a prisoner, who is serving an indeterminate life sentence, is found to pose an unreasonable risk of danger to society under the "some evidence" standard. Thus, the state court's decision was neither contrary to nor involved an unreasonable application of clearly established federal law.

## Conclusion

Having reviewed the record presented, the Court concludes that the Board's reliance on numerous factors, other than and in addition to the commitment offense, provides "some evidence" to support the Board's decision. *See Sass*, 461 F.3d at 1128-29. Further, the fact that petitioner has served his minimum sentence term does not require the grant of parole when there is some evidence that petitioner is a danger to society. The state court's determination that some evidence supported the Board's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Irons*, 505 F.3d at

1  850.

2  Based on the foregoing, **IT IS ORDERED** adopting the Report and Recommendation in
3  its entirety. **IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus. **IT**
4  **IS FURTHER ORDERED** overruling the objections to the Report. **IT IS FURTHER**
5  **ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.
6  **IT IS SO ORDERED.**
7  DATED: April 9, 2008

8  _____
   M. James Lorenz
9  United States District Court Judge

11 COPY TO:
12 HON. LOUISA S. PORTER
   UNITED STATES MAGISTRATE JUDGE
13
14 ALL PARTIES/COUNSEL